IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE JEFFERIES,                      :
                                         :
    Petitioner,                          : CIVIL NO. 3:CV-08-0615
                                         :
  vs.                                    : (JUDGE VANASKIE)
                                         :
RONNIE R. HOLT,                          :
                                         :
    Respondent.                          :

M E M O R A N D U M

I.    Introduction

    Clarence Jefferies, an inmate confined at the United States Penitentiary at Canaan (USP-Canaan), Waymart, Pennsylvania, filed this habeas corpus petition pursuant to 28 U.S.C. § 2241 on April 7, 2008. Named as Respondent is Ronnie R. Holt, Warden at USP-Canaan. In the petition Jefferies claims that his due process rights were violated during a prison disciplinary proceeding brought against him for Use of a Telephone for Abuses Other than Criminal Activity, in violation of Code 297, which resulted in sanctions including the loss of twenty-three (23) days of Good Conduct Time ("GCT") credit toward his federal sentence. Specifically, he alleges that (1) the Disciplinary Hearing Officer ("DHO") who conducted the hearing denied his request that a recording of the telephone conversation be produced, and (2) the institutional handbook does

not properly define the term "three-way call." As relief, he seeks expungement of the disciplinary record and restoration of his GCT credits. The petition is ripe for consideration and, for the reasons that follow, will be dismissed for failure to exhaust administrative remedies.

II.   Background

A telephone conversation made by Jefferies on August 26, 2007, was monitored by Special Investigation Technician D. Compton. (Dkt. Entry 7, Ex. 1, Incident Report at 1.) Compton reported that Jefferies phoned a female and, during the course of the call, instructed her to "call his house on the other phone." (Id.) The female then identified the telephone number she was to dial and Jefferies acknowledged that was the correct number. At that point, the female used another telephone to reach the third party. Once connected to the third party, Jefferies relayed messages to the third party through the female he had called. (Id.) The same day Compton prepared and delivered to Jefferies an incident report charging him with the prohibited acts of Use of the Telephone for Abuses Other than Criminal Activity, a violation of Code 297. (Id.; Ex. 4, BOP Policy Statement P5270.07 at 2.)

A hearing was held in front of the Unit Disciplinary Committee ("UDC") on August 28, 2007. Id. At the hearing, Jefferies claimed that he did not know that what he did was a three-way call. The UDC thereafter referred the charges to the DHO. On August 28, 2007, Jefferies signed an "Inmate Rights at Discipline Hearing" form acknowledging that he was advised of his rights before the DHO. (Id. at 2.) He also signed a "Notice of Discipline Hearing" form and

2

indicated that he had received notice of the hearing and wished to be represented at the hearing by Case Manager Reibsome. He further indicated that he did not wish to call any witnesses at the hearing. (Id. at 3.)

On September 10, 2007, a hearing was conducted before the DHO, Marc. A. Renda. Reibsome served as staff representative for Jefferies. (Dkt. Entry 7, Ex. 2 at 1, 4.) Jefferies was again advised of his rights before the DHO and acknowledged that he understood them. A request by Jefferies for the "tape" of the incident was denied by the DHO. Jefferies was informed, however, that both the DHO and Jefferies' staff representative "monitored the conversation." (Id. at 2.) At the hearing Jefferies made a statement that he did call his house and gave them a number that was on his telephone list. He further stated that had he known this was considered a three-way call, he would not have made the call. He also waived his right to call witnesses.

A report was issued by the DHO on September 17, 2007, finding that the greater weight of the evidence indicated Jefferies committed the act as charged. (Id. at 2.) In support of his decision, the DHO noted the documentary evidence he considered, such as the incident report/ investigation and the "INTRUDR" Monitor Calls Report for the date in question. (Id.) The DHO also considered the eyewitness account of the reporting officer, Jefferies' admission to the DHO that he had requested the party he called to contact another individual on another telephone, and the DHO's monitoring of the phone call and how it corroborated the eyewitness

account.  Also considered, but given little weight, was Jefferies' claim that the third-party number he provided was on his approved telephone list and that a similar infraction at a previous institution was expunged.  The following sanctions were thereafter imposed: disallowance of 23 days of GCT; 30 days of disciplinary segregation (suspended 180 days clear conduct); loss of telephone privileges for 8 months; and the loss of telephone privileges 8 months (suspended 180 days clear conduct).  (Dkt. Entry 7, Ex. 2 at 3.)  Jefferies was advised of his right to appeal the DHO decision, and thereafter provided with a copy of the report on September 17, 2007.

III.  Discussion

Respondent maintains that the petition is subject to dismissal for failure to exhaust administrative remedies.  It is well-settled that "[f]ederal prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241."  Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); see also Hegney v. Hogsten, Civ. No. 1:CV-07-0271, 2008 WL 282371 at *3 (M.D. Pa. Jan. 31, 2008)(Conner, J.).  A party is required to exhaust administrative remedies before seeking relief in federal court unless Congress has indicated to the contrary or the available administrative remedies are inherently inadequate.  Muhammad v. Carlson, 739 F.2d 122, 123 (3d Cir. 1984); see also Young v. Quinlan, 960 F.2d 351, 356 (3d Cir. 1992).  Exhaustion is required "for three reasons: (1) allowing the appropriate agency to develop a factual record and apply its expertise

facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62.

The Bureau of Prisons ("BOP") has established a multi-tier system by which a prisoner may seek formal review of any aspect of his imprisonment. See 28 C.F.R. §§ 542.10-542.16 (1994). First, "[i]nmates shall informally present their complaints to staff, and staff shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy." Id., at § 542.13(a). Second, "[i]f an inmate is unable to informally resolve his complaint, he may file a formal written complaint [to the warden], on the appropriate form, within twenty (20) calendar days of the date on which the basis of the complaint occurred." Id., at § 542.15(a). In the event the inmate is dissatisfied with the warden's response, he may file an appeal to the BOP Regional Director within twenty (20) days. Id., § 542.15(a). Finally, if the inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to BOP Central Office within thirty (30) calendar days from the date of the Regional Director's response. Id. An exception is made to the initial filing requirements for appeals of DHO decisions. Such appeals are raised directly to the BOP Regional Office and then to the BOP Central Office. Id. at § 542.14(d)(2). No administrative remedy appeal is considered to have been fully exhausted until rejected by the BOP's Central Office. 28 C.F.R. § 542, et seq.

In support of the argument that Jefferies has failed to exhaust administrative remedies,

Respondent submits the BOP Sentry Report conducted on May 7, 2008, of the Administrative Remedies Generalized Retrieval System, which reveals the following. (Dkt. Entry 7, Ex. 3.) On September 28, 2007, Jefferies filed Administrative Remedy No. 468128-R1 with the BOP Regional Office, wherein he appealed the September 2007 DHO findings/sanctions. (Id. at 5.) On October 10, 2007, the appeal was rejected because Jefferies failed to submit the required number of copies. He was advised that he could re-file the administrative remedy within ten (10) days. (Id.)

Jefferies timely re-filed the appeal with the BOP Regional Office (No. 468128-R2) on October 15, 2007, and it was denied on November 13, 2007. (Id. at 6.) On December 3, 2007, he appealed the Regional Office's denial to the BOP Central Office, No. 468128-A1. The appeal was rejected on December 5, 2007, because Jefferies failed to provide a copy of the Regional Office's response. (Id.) He was instructed that he could re-file his appeal to the Central Office within 15 days.

On December 26, 2007, Jefferies re-filed his appeal with the BOP Central Office at No. 468128-A2. (Id. at 7.) The appeal was again rejected because Jefferies failed to include the necessary attachments. The Central Office advised Jefferies that he could re-file the remedy within 15 days. He never did so. He filed this habeas petition on April 7, 2008, and has never re-filed his appeal with the Central Office level of the BOP.

Jefferies does not dispute these facts. Accordingly, his habeas petition will be

6

dismissed for failure to exhaust administrative remedies.   An appropriate Order follows.

                                                s/ Thomas I. Vanaskie
                                                Thomas I. Vanaskie
                                                United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CLARENCE JEFFERIES, :
 :
      Petitioner, : CIVIL NO. 3:CV-08-0615
 :
  vs. : (JUDGE VANASKIE)
 :
RONNIE HOLT, :
 :
      Respondent. :

## O R D E R

NOW, THIS 25th DAY OF JUNE, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

    1.    The petition for writ of habeas corpus is DISMISSED.

    2.    The Clerk of Court is directed to mark this case CLOSED.

                                s/ Thomas I. Vanaskie
                                Thomas I. Vanaskie
                                United States District Judge